SO ORDERED: January 11, 2006.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY WAYNE FINECY, II | ) | |
| JENNIFER LYNN FINECY | ) | CASE NO. 05-9333-AJM-7 |
| | ) | |
| Debtors | ) | |
| | ) | |
| ANTHONY J. CAMPO | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| vs. | ) | No. 05-274 |
| | ) | |
| JENNIFER LYNN FINECY | ) | |
| | ) | |
| Defendant | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT**

The Plaintiff, Anthony J. Campo filed his Complaint to Determine Dischargeability against debtor Jennifer Finecy (the "Defendant") on June 3, 2005. Trial on that complaint was held on December 21, 2005 wherein the Plaintiff appeared in person and

1

by counsel, John A. Hovanec; the Defendant appeared in person and was not represented by counsel. The Court took the matter under advisement at the conclusion of the trial. The Court, having considered the testimony of the witnesses, the arguments of counsel, all evidence admitted and the case authority submitted by the Plaintiff, now makes its findings of fact and conclusions of law in accordance with F. R Bankr. P. 7052.

### *Findings of Fact*

1. The Defendant retained the Plaintiff to represent her in a child custody and support matter. The Defendant was not awarded custody and therefore the custodial parent was not ordered to pay the Defendant's legal fees.

2. The Defendant and her current spouse filed their chapter 7 case on May 17, 2005. As of that date, the Defendant owed the Plaintiff $3947.32 in fees which the Plaintiff incurred in representing the Defendant in the child custody and support matter.

3. The Plaintiff filed this nondischargeability action alleging that the fees owed were nondischargeable pursuant to 11 U.S.C. §523(a)(2), (5) and (15).

### *Conclusions of Law*

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Southern District of Indiana. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. A creditor that brings a §523 action seeking a determination of nondischargeability bears the burden of proving all the elements of the statute by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 289-90; 111 S.Ct. 654, 661; 112 L.Ed.2d 755 (1991).

### *§523(a)(5) and (15)*

3. 11 U.S.C. §523(a)(5) excepts from discharge a debt "to a spouse, former spouse, or child of the debtor for.....support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record...." [1]

4. Although several factors arise in §523(a)(5) litigation, the threshold issue that must be determined is whether the debt alleged to be nondischargeable is a debt *to a spouse, former spouse or child.*

5. The Seventh Circuit Court of Appeals has acknowledged that, although courts have not read §523(a)(5) literally [2] the statute nonetheless covers only those situations where "the fees were to be paid by the party from whom support was being sought". *Matter of Rios,* 901 F.2d 71, 72 (7th Cir. 1990). It envisions cases where the spouse filing bankruptcy was ordered to pay to the nonfiling spouse's attorneys fees. The fees ordered to be

---

[1] The Defendant's bankruptcy case was filed on May 17, 2005, prior to the effective date of the applicable provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA made sweeping changes with respect to §523(a)(5) and now that section excepts from discharge debts for a "domestic support obligation".

[2] The Court noted that "obligations arising from paternity determinations in favor of children born out of wedlock have been held to be nondischargeable, even though not in connection with a separation agreement or a divorce decree". 901 F.2d at 72.

3

6. paid are a "debt" of the debtor "owed to a spouse" for the support of the spouse or a child. In such situations, the attorney of the nonfiling spouse brings the §523(a)(5) action.

6. Here, the Plaintiff represented the Defendant. The fees incurred are certainly a "debt" of the Defendant but the debt is not *owed to* a "spouse", it is owed to the Defendant's own attorney. Thus, "a debtor's liability for his or her own attorneys' fees incurred in a child support dispute is not a debt owed 'to a spouse' for purposes of §523(a)(5)". *Rios,* 901 F.2d at 72.

7. The Court cannot find a case in this circuit where the attorney fees incurred by the debtor have been determined to be nondischargeable under §523(a)(5) and the Plaintiff has not guided it to one. The Plaintiff has furnished case authority to the Court, but that case authority deals with an attorney for the nonfiling spouse seeking nondischargeability of fees incurred on behalf of the nonfiling spouse, but ordered to be paid by the debtor. Such is the typical scenario in §523(a)(5) cases, but is not the scenario here.

8. The Plaintiff urges me to chart into new waters and "consider new law" that would make the fees here nondischargeable. The Plaintiff notes the irony in that fees owed by a debtor to another attorney can be nondischargeable under §523(a)(5) , but fees owed by a debtor to her own attorney cannot be. However

....Section 523(a)(5) should not be construed as broadly as the

4

> creditor in this case seeks. The concept of alimony, maintenance and support is by its very nature the imposition of the costs incurred by one spouse upon another. The requirement that one spouse pay the costs or provide funding for the other spouse on the theory that shifting of cost or obligation is appropriate as alimony, maintenance or support....is not involved where one spouse incurs his or her own expenses in pursuit of ...litigation. If the scope of the exception to discharge in Section 523(a)(5) is to be expanded, I believe that that change in the law should be done by a superior court.

*In re Akamine*, 217 B.R. 104, 106 (S.D. N. Y. 1998) (adopting the reasoning of the *Rios* case). Court will not alter the course chartered by the Seventh Circuit to find that the fees here fall under §523(a)(5)'s coverage.

9. The Plaintiff's complaint also alleges nondischargeability under §523(a)(15). That section excepts from discharge a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court....". [3] Again, the threshold issue is whether the debt alleged to be nondischargeable is a debt owed to "spouse, former spouse or child of a debtor". The debt here is not such a debt and for the same reasons the debt is not covered by §523(a)(15), it likewise is not covered by §523(a)(15).

### *§523(a)(2)*

10. The nondischargeability of a debt owed Section 523(a)(2) of the

---

[3] BAPCPA likewise amended §523(a)(15) by deleting the two-part "balancing" test.

5

>Bankruptcy Code excepts from discharge a debt for money, property, services or an extension, renewal, or refinancing of credit to the extent obtained by fraud.  Under §523(a)(2)(A), three distinct forms of conduct may lead to nondischargeability – false pretenses, false representations, and actual fraud.  Regardless of what form of conduct is being alleged, a creditor generally under this section must prove (1) the debtor made the representation to the creditor; (2) the debtor knew the representation to be false when it was made, or made it which such reckless disregard for the truth so as to constitute a willful misrepresentation; (3) the debtor made the misrepresentation with the intent and purpose to deceive the creditor; and (4) the creditor's reliance on the misrepresentation was justifiable.  *McClellan v. Cantrell*, 217 F.3d 80 (7th Cir. 2000); *In re Sheridan*, 57 F.3d 627, 635 (7th Cir. 1995); *MBNA America Bank v. Hostetter (In re Hostetter)*, 320 B.R. 674, 680, n. 4 (Bankr. N. D. Ind. 2005).

11. The Plaintiff recited no facts in his complaint and introduced no evidence at trial that established that the Defendant made a representation to the Plaintiff she knew to be false upon which the Plaintiff relied to his detriment.  The Plaintiff and the Defendant entered into a fee agreement wherein the Defendant acknowledged that she was obligated to pay the fees incurred.  However, there was no evidence that, at the time the Defendant undertook this obligation, she knew she would not be able to fulfill it, despite her representations to the contrary.   What the Plaintiff has here is debt arising from a breach of contract, but has not proven that

6

        such debt is nondischargeable under §523(a)(2).

12. For the foregoing reasons, the Court finds that the debt owed to the Plaintiff is DISCHARGEABLE.

### *Judgment*

13. It is hereby ORDERED, ADJUDGED AND DECREED that the debt owed by Jennifer Finecy, the Defendant, to the Plaintiff, Anthony M. Campo, is a DISCHARGEABLE debt in this bankruptcy case. The Plaintiff shall take nothing by his Complaint.

# # #

Distribution:

John A. Hovanec, Attorney for the Plaintiff
Jennifer Finecy, Defendant, pro se
John Petr, Chapter 7 Trustee
Nancy J. Gargula, United States Trustee